UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMERICAN LEGEND COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation,<br><br>Defendant. | Case No. _____<br><br>(KING COUNTY SUPERIOR COURT CAUSE NO. 09-2-42864-6 SEA)<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

PLEASE TAKE NOTICE THAT Defendant in the above-titled matter hereby removes to this Court the state court action described below.

Defendant Indemnity Insurance Company of North America ("Defendant"), hereby gives notice that this action is removed to the United States District Court for the Western District of Washington, at Seattle, from the Superior Court of Washington, in and for King County.  Pursuant to 28 U.S.C. § 1441, Defendant further states as follows:

**State Court Action:**  Indemnity Insurance Company of North America is named as the defendant in a civil action filed in the Superior Court of Washington, in and for King County, styled *American Legend Cooperative v. Indemnity Insurance Company of North America*, Cause No. 09-2-42864-6 SEA (the "state court action").

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

SEATTLE\904074\1 230564.000

**Commencement of State Court Action:** The state court action was commenced when plaintiff's Summons and Complaint were filed with the clerk of the King County Superior Court on November 30, 2009. Service of the Summons and Complaint was effected on Defendant on or about **November 30, 2009**. This Notice of Removal is timely, in that it is being filed within thirty (30) days of receipt of service of the Summons and Complaint by Defendant. Defendant has not filed pleadings in the state court action.

**Record in State Court:** The following pleadings, as are available in the file of the state court action, encompass all of the pleadings received or filed in this action up to the present time.

- Summons
- Complaint
- Order Setting Civil Case Schedule
- Case Information Cover Sheet
- Affidavit of Service

The Complaint is attached hereto as Exhibit A. A complete copy of all additional documents filed in the state court proceeding will be submitted with a subsequent declaration of counsel pursuant to CR 101 of the Local Rules of the Western District of Washington.

**Diversity of Citizenship is Basis for Federal Court Jurisdiction:** This dispute between Plaintiff and Defendant is a controversy between citizens of different states.

a. Plaintiff American Legend Cooperative is a non-profit agricultural marketing cooperative based in Seattle, Washington.

b. Defendant Indemnity Insurance Company of North America is, and at all times material has been, incorporated under the laws of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

**Nature and Description of Case:** This action seeks damages and attorneys' fees and costs, among other relief, for alleged breach of contract, violation of the Insurance Fair

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

SEATTLE\904074\1 230564.000

1  Conduct Act, insurance bad faith, and violation of the Consumer Protection Act, in
2  connection with Defendant's response to a claim made under an insurance policy Defendant
3  issued to Plaintiff American Legend Cooperative.

4  **Amount in Controversy:**  Plaintiff seeks to recover an amount in excess of $75,000.
5  The Complaint states that Plaintiff seeks, *inter alia*, judgment against Defendant for damages
6  of "at least $800,000," which sum Plaintiff also seeks to treble.

7  **Applicable Statutes:**   This is a civil action over which this Court has original
8  jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removable to this Court pursuant
9  to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

10  **Concurrent Notice to State Court:**  Defendant is concurrently filing a copy of this
11  Notice of Removal with the Court of the Clerk of the Superior Court of Washington in and for
12  King County, cause number 09-2-42864-6 SEA, pursuant to 28 U.S.C. § 1446(d).

13  DATED this 23rd day of December, 2009.

14  COZEN O'CONNOR

16  By: */s/ Rodney Q. Fonda*
      Rodney Q. Fonda, WSBA No. 6594
17    Kevin A. Michael, WSBA No. 36976

18  1201 Third Avenue, Suite 5200
    Seattle, Washington  98101
19  Telephone: 206.340.1000
    Facsimile: 206.621.8783
20  E-mail:  rfonda@cozen.com
             kmichael@cozen.com

22  Attorneys for Defendant Indemnity Insurance
    Company of North America

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

SEATTLE\904074\1 230564.000

## **CERTIFICATE OF SERVICE**

I, Dava Bowzer, certify and state as follows:

I am a resident of the United States and of the State of Washington; I am over the age of 18 years and not a party of the within entitled cause. I am employed by the law firm of Cozen O'Connor, 1201 Third Avenue, Suite 5200, Seattle, WA 98101.

On the 23rd day of December, 2009, I caused to be served upon counsel of record, at the address and in the manner described below, a true copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT and this Certificate of Service.

**Counsel for Plaintiffs:**
James E. Howard
Ieva Butkute
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

[ ]  U.S. Mail
[ ]  E-mail
[ ]  UPS
[ ]  Facsimile
[X]  ABC Legal Messenger

Dated this 23rd day of December, 2009.

By: */s/ Dava Bowzer*, Legal Assistant to
      Rodney Q. Fonda, WSBA No. 6594
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, Washington 98101
Telephone: 206.340.1000
Facsimile: 206.621.8783
E-mail:   dbowzer@cozen.com
              rfonda@cozen.com

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

SEATTLE\904074\1 230564.000

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AMERICAN LEGEND COOPERATIVE,<br><br>   Plaintiff,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>   Defendant. | NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF INSURANCE FAIR CONDUCT ACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, VIOLATION OF CONSUMER PROTECTION ACT, DECLARATORY JUDGMENT** |

Plaintiff American Legend Cooperative ("American Legend"), for its Complaint against Defendant Indemnity Insurance Company of North America ("IICNA"), states and alleges as follows:

**PARTIES**

1. American Legend is a non-profit agricultural marketing cooperative based in Seattle, Washington.

2. Upon information and belief, IICNA is a Pennsylvania insurance corporation with its principal place of business in Pennsylvania.

COMPLAINT - 1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

EXHIBIT A

5

## JURISDICTION AND VENUE

3.  This Court has jurisdiction under RCW 2.08.010 and RCW Chapter 7.24 and venue is proper under RCW 4.12.025 because Defendant IICNA transacted business with Plaintiff in King County at all relevant times and so is deemed to reside here.

4.  This Court has jurisdiction over IICNA because IICNA has, by issuing an insurance policy to American Legend, entered into a contractual relationship with a Washington citizen and so purposefully availed itself of the protection of Washington law and should reasonably expect to be haled into court in this forum.

## GENERAL ALLEGATIONS

5.  American Legend is an agricultural marketing cooperative of mink fur farmers. As part of its operation, American Legend lends money to mink farmers around the world in return for first rights to mink pelts harvested by those farmers.

6.  From at least January 1, 2008 to July 1, 2009, American Legend was insured by a Marine Insurance Policy, identified as Policy Number N04992532 (the "Policy"), issued by IICNA.

7.  The Policy was drafted to cover goods in which American Legend had an interest through every step of the supply chain.

8.  To this effect, the Policy included a warehouse endorsement, labeled Endorsement Number 3, which extended the Policy to cover the insured goods while temporarily stored at various locations throughout the world, including $2,000,000 of coverage for goods stored at unnamed locations (the "Warehouse Endorsement").

9.  American Legend had lent approximately $690,000 to three mink farms in Lithuania, named Vixena, Zverylst, and Penki Nuliai. Under the loan agreements between American Legend and these three farms, in return for the loans, the farms were obligated to raise

COMPLAINT - 2

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

minks and ship the pelts thereof to American Legend for sale at auction.

10. Pursuant to their agreements with American Legend, these farms had, as of November 2008, raised and slaughtered minks for sale by American Legend, and American Legend held an insurable interest in the resulting mink pelts.

11. Also pursuant to the agreements with American Legend, the mink pelts were transported from mink sheds on the three farms to the Vixena Farm pelting plant, where they were temporarily stored during transit to American Legend in Seattle, Washington.

12. On or about December 1, 2008, the Vixena Farm pelting plant was robbed. Upon information and belief, approximately 46,000 mink pelts that were temporarily being stored at Vixena Farm were stolen.

13. As a result, American Legend has suffered a covered loss under the Policy exceeding $800,000, including money it loaned to the farms to produce the mink, accrued interest as of October 31, 2009, and the commission it would have made on the furs.

14. American Legend timely notified IICNA of the theft and associated loss.

15. In a letter dated February 13, 2009, IICNA notified American Legend that the theft at Vixena Farm was not covered under the Policy, based upon IICNA's conclusion that the goods were not "temporarily stored" at Vixena. In its letter, IICNA further stated that the nature of the theft "does not appear to be material to any coverage under the . . . Policy."

16. IICNA's denial of coverage occurred before the Policy deadline for submission of proof of loss, and IICNA has never requested or considered proof of the loss.

17. Wells Fargo Insurance, N.A., the Policy broker, in a letter dated February 16, 2009 disputed this position and attempted to demonstrate to IICNA that its determination was erroneous. Upon information and belief, IICNA did not respond to the Wells Fargo letter.

18. On July 8, 2009, American Legend sent a letter to IICNA disputing IICNA's coverage position and asking it to explain how it reached the conclusion that the mink pelts were

COMPLAINT - 3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

not "temporarily stored at Vixena Farm."

19. On information and belief, IICNA has not since conducted a further investigation into American Legend's request for coverage, or the validity of its own denial of coverage.

20. IICNA responded through coverage counsel on July 30, 2009, reiterating its denial of coverage.

## COUNT I
## (BREACH OF CONTRACT)

21. American Legend incorporates herein by reference its allegations in Paragraphs 1 through 20 above.

22. American Legend has performed all of its obligations and duties under the Policy, including, as applicable, the payment of all premiums due and owing. To the extent that IICNA claims that any such obligations or duties have not been performed, American Legend's performance was excused and/or waived by IICNA, or otherwise has not caused prejudice to IICNA.

23. In accordance with the Policy, American Legend provided timely notice to IICNA and its designated agents of the loss of the mink pelts described herein.

24. Pursuant to the Policy, coverage is provided for "goods insured while temporarily stored at . . . Unnamed Locations."

25. American Legend suffered at least $800,000 in damages as a result of the theft from Vixena Farm. The Policy carries a $2,000,000 limit of liability and $10,000 deductible for the property at issue.

26. The Policy applies to the loss of the mink pelts temporarily stored at the Vixena Farm and no valid exclusion applies.

27. Despite the demands of American Legend for payment, IICNA has wrongfully refused and failed to reimburse American Legend with regard to the Vixena Farm theft.

COMPLAINT - 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

28. By IICNA's nonperformance of its contractual duty to honor the Policy entered into with American Legend, IICNA breached a contract, causing damage to American Legend. Under the Policy, IICNA is obligated and liable to American Legend for the loss American Legend suffered as a result of the Vixena Farm theft, and American Legend is entitled to recover said loss from IICNA.

29. As a result of IICNA's breach, American Legend has incurred direct and indirect financial losses. This includes, without limitation, the loss of the use of the funds that it is owed, the expense of investigating IICNA's lack of good faith, and the need to retain legal counsel to prosecute this action.

## COUNT II
## (VIOLATION OF INSURANCE FAIR CONDUCT ACT)

30. American Legend incorporates herein by reference its allegations in Paragraphs 1 through 29 above.

31. IICNA's denial of coverage was unreasonable, in violation of RCW § 48.30.015(1).

32. IICNA also denied coverage despite representing to American Legend through the policy broker that coverage under the Policy would extend to losses such as these, denied coverage without conducting a reasonable investigation, failed to communicate in a timely manner, and has failed to provide a reasonable explanation for its denial. IICNA's conduct violates RCW § 48.30.015(5).

33. American Legend notified IICNA and the Washington State Office of the Insurance Commissioner in a letter mailed November 3, 2009, that IICNA's denial of coverage was unreasonable, in accordance with RCW § 48.30.015(8).

34. American Legend seeks and is entitled to its consequential damages, treble damages, and attorney's fees for its costs in seeking coverage and bringing this action.

COMPLAINT - 5

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

## COUNT III
### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

35. American Legend incorporates by reference its allegations in paragraphs 1 through 34 above.

36. At all relevant times herein, IICNA failed to conduct a reasonable investigation into American Legend's request for coverage, and failed to communicate in a timely manner, thereby breaching its duty of good faith and fair dealing in insurance contracts.

37. At all relevant times herein, IICNA's decision to deny benefits and rescind the policies was unreasonable and without adequate justification and therefore constitutes a breach of the duty of good faith and fair dealing in insurance contracts.

38. During the investigation and evaluation of American Legend's claim, IICNA failed to give American Legend's interests at least as much consideration as its own interests, and failed to fairly and objectively evaluate the facts relevant to its decision to deny coverage, thereby breaching its duty of good faith and fair dealing in insurance contracts.

39. IICNA's breach of its duty of good faith and fair dealing constitutes a repudiation of its obligations under the contract.

40. As a result of the wrongful actions of IICNA, American Legend has not been paid as it is entitled to be under the policy. American Legend has also suffered extra-contractual damages such as attorney fees, costs, and foreseeable economic losses as a consequence of IICNA's actions.

## COUNT IV
### (VIOLATION OF THE CONSUMER PROTECTION ACT)

41. American Legend incorporates by reference its allegations in paragraphs 1 through 40 above.

COMPLAINT - 6

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

42. IICNA has engaged in unfair and deceptive acts and practices in responding to, investigating, and unreasonably denying American Legend's request for coverage.

43. IICNA's unfair acts and practices, described above, are *per se* violations of the Washington Consumer Protection Act, under RCW § 19.86.170.

44. IICNA's conduct renders it liable to American Legend pursuant to the Washington Consumer Protection Act, RCW § 19.86, *et seq.*

45. American Legend is entitled to recover its actual damages, including payment due from IICNA as part of its coverage obligations, the cost of American Legend's investigation into IICNA's lack of good faith, the cost of this litigation, and attorney's fees.

46. American Legend is also entitled to recover treble damages as a consequence of IICNA's unfair and deceptive acts and practices.

## COUNT V
## (DECLARATORY JUDGMENT)

47. American Legend incorporates herein by reference its allegations in Paragraphs 1 through 46 above.

48. An actual, present and justiciable controversy has arisen and exists between American Legend and IICNA regarding their respective rights and duties under the Policy. American Legend contends that there is coverage under the Policy for in excess of $800,000 in damages it suffered as a result of the Vixena Farm theft. IICNA denies coverage for this loss under the Policy.

49. American Legend seeks and is entitled to a declaration pursuant to 28 U.S.C. § 2201 that IICNA is required to indemnify or reimburse it for the loss it suffered as a result of the Vixena Farm theft.

COMPLAINT - 7

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff American Legend respectfully requests that this Court enter judgment:

1. Against Defendant IICNA for all foreseeable loss and/or damages sustained by American Legend as a result of IICNA's breach of contract in an amount to be proven at trial;

2. Against Defendant IICNA for an award of damages three times the actual damages and reasonable attorneys' fees and litigation costs, including expert witness fees, pursuant to RCW § 48.30.015(2)-(3);

3. Against Defendant IICNA for an award of actual damages and foreseeable economic losses as a consequence of IICNA's breach of its duty of good faith and fair dealing, including attorney's fees, costs, and expert witness fees;

4. Against Defendant IICNA for an award of actual damages and foreseeable economic losses, treble damages, and reasonable attorneys' fees and litigation costs, including expert witness fees and investigation costs, pursuant to RCW § 19.86, *et seq*;

5. In the alternative, for judgment declaring that Defendant IICNA is required to indemnify or reimburse American Legend for the loss it suffered as a result of the Vixena Farm theft;

6. For pre- and post-judgment interest; and

7. For such other relief as the Court deems just and equitable.

DATED this 25th day of November, 2009.

DORSEY & WHITNEY LLP

James E Howard, WSBA #37259
Ieva Butkute, WSBA #40774

Attorneys for Plaintiff
American Legend Cooperative

COMPLAINT - 8

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820